UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES SCHUYLER, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-04762-TLT<br><br>**ORDER OF SERVICE** |

Plaintiff, a *pro se* civil detainee, filed this civil-rights action pursuant to 42 U.S.C. § 1983. ECF 1. He has been granted leave to proceed *in forma pauperis* in a separate order. For the reasons set forth below, this action will be ordered served on defendants.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. All or part of a complaint filed by a prisoner may be dismissed *Sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**B.     Discussion**

Plaintiff, a *pro se* civil detainee who was formerly in custody at Salinas Valley State Prison (SVSP), filed several civil rights cases in August and September of 2023 alleging violation of his constitutional rights at SVSP. In Case No. 23-cv-04020, the Court denied plaintiff's motion for a Temporary Restraining Order (TRO) in connection with a Prison Rape Elimination Act (PREA) complaint he made about Nurse Inneh and retaliatory conduct by other defendants at the institution, but ordered service of his complaint on the five defendants and required the defendants to answer the complaint. Case No. 23-cv-04020 at ECF 20.

In the instant case, plaintiff named as defendants SVSP warden Schuyler, facility captain H. Lomeli, and chief executive officer Scott Langevin, alleging that each knew about the retaliation plaintiff was experiencing for filing his lawsuit against nurses Inneh and Ekanem about sexual harassment, excessive force, and inadequate medical care, and they took no action to

2

protect him. ECF 1 at 2-4, 7. He originally sought only injunctive relief. *Id.* at 3, 6, 8. He later filed a motion for leave to file an amended complaint to seek damages from defendants. ECF 3. Plaintiff's motion is GRANTED. The First Amended Complaint (FAC), ECF 3 at 2-10, will hereby be considered the operative complaint.

Plaintiff alleges in the FAC that defendants "all had knowledge of the sexual abuse and retaliatory action taken against plaintiff" based on the grievances he filed. ECF 3 at 5. He says those under the control of defendants caused him physical pain by beating him. *Id.* Named defendants "condone[d] the acts of plaintiff being abused in retaliation." *Id.* They "colluded [sic] together to disregard California Code of Regulations Title 15 section 3999.22(e)." They knew that plaintiff was suffering "beating, threats, inadequate medical care, intimidation and encouraging plaintiff to kill himself, leaving plaintiff in feces, not changing his diaper, days without show[er]ing him, denying plaintiff mental health groups." *Id.* The defendants were on notice via plaintiff's complaints and grievances over many months, but failed to take disciplinary action against the people subjecting plaintiff to the treatment he complained of. *Id.* at 6. Plaintiff's family requested protective measures for plaintiff from the defendants, who denied the request. *Id.* Defendants disregarded California Code of Regulation title 15 section 3401.6(d) and (e). *Id.* Defendants failed to follow their regulations prohibiting retaliation for reporting staff misconduct. *Id.*

Plaintiff requested protective measures such as "housing changes or transfers for inmate victims, removal of alleged staff from contact with victims, and emotional support services for inmates or staff who fear retaliation for reporting staff sexual harassment or for cooperating with investigations." *Id.* at 7. Defendants did not provide plaintiff with any of these things. *Id.* Defendant Lomeli informed plaintiff's family that he and the warden and chief executive officer would not implement protective measures and that staff whom plaintiff reported for excessive force and sexual harassment would not be separated from him. *Id.*

Plaintiff had a psychotic episode in which he threatened his abusers and followed through with his threat. *Id.* Defendants' inaction and action placed plaintiff at risk. *Id.* Plaintiff alleges that defendants were deliberately indifferent to his medical needs and violated his right to be free

3

of cruel and unusual punishment under the Eighth and Fourteenth Amendment. *Id.* at 8. Defendants willfully and maliciously disregarded plaintiff's federal rights. *Id.* Plaintiff seeks injunctive relief in the form of separating him from the people he alleges harassed him and enjoining defendants from assaulting him or retaliating against him, as well as compensatory and punitive damages and attorney fees. *Id.* at 9-10.

Plaintiff was moved to the California Medical Facility (CMF) in January of 2024, mooting his claims for injunctive relief, which the Court will dismiss. See ECF 4. The Court will also dismiss plaintiff's official capacity claims, which are treated as claims against the state itself, and are barred by the Eleventh Amendment.

The Due Process Clause of the Fourteenth Amendment prohibits subjecting civil detainees to conditions that amount to punishment. *See generally Jones v. Blanas*, 393 F.3d 918, 931-32 (2004). Liberally construed, plaintiff has stated a cognizable Fourteenth Amendment claim against defendants Schuyler, Lomeli, and Langevin for failing to take steps to protect him from staff misconduct about which plaintiff repeatedly informed them.

**CONCLUSION**

1. Plaintiff's claims for injunctive relief are DISMISSED.
2. Plaintiff's claims against defendants in their official capacities are DISMISSED.
3. Plaintiff's motion for leave to file an amended complaint (ECF 3) is GRANTED.
4. The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. Warden Schuyler
    b. Facility Captain Lomeli
    c. CEO Langevin

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (ECF. No. 3), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint.  If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of

1  Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
2  the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice
3  so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to
4  oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
5  in Rand must be served concurrently with motion for summary judgment). A motion to dismiss
6  for failure to exhaust available administrative remedies must be accompanied by a similar notice.
7  However, the Court notes that under the law of the circuit, in the rare event that a failure to
8  exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule
9  12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b)
10 motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v.
11 Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available
12 administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"),
13 should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to
14 exhaust is not clear on the face of the complaint, defendants must produce evidence proving
15 failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence
16 viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to
17 summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment
18 should be denied and the district judge, rather than a jury, should determine the facts in a
19 preliminary proceeding. *Id.* at 1168.

20  If defendants are of the opinion that this case cannot be resolved by summary judgment,
21 they shall so inform the Court prior to the date the summary judgment motion is due. All papers
22 filed with the Court shall be promptly served on plaintiff.

23  b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court
24 and served on defendants no later than **twenty-eight (28) days** after the date on which
25 defendants' motion is filed.

26  c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again

1 concurrently with motions to dismiss for failure to exhaust available administrative remedies and
2 motions for summary judgment.  *Woods*, 684 F.3d at 935.)

3      d. Defendants shall file a reply brief no later than **fourteen (14) days** after the
4 date plaintiff's opposition is filed.

5      e. The motion shall be deemed submitted as of the date the reply brief is due.
6 No hearing will be held on the motion unless the Court so orders at a later date.

7   7. Discovery may be taken in this action in accordance with the Federal Rules of Civil
8 Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose
9 plaintiff and any other necessary witnesses confined in prison.

10   8. All communications by plaintiff with the Court must be served on defendants or
11 their counsel, once counsel has been designated, by mailing a true copy of the document to them.

12   9. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
13 informed of any change of address and must comply with the Court's orders in a timely fashion.
14 Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes
15 while an action is pending must promptly file a notice of change of address specifying the new
16 address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail
17 directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2)
18 the Court fails to receive within sixty days of this return a written communication from the *pro se*
19 party indicating a current address.  *See* L.R. 3-11(b).

20   10. Upon a showing of good cause, requests for a reasonable extension of time will be
21 granted provided they are filed on or before the deadline they seek to extend.

22   11. This Order terminates ECF 3.

23 **IT IS SO ORDERED.**

24 Dated: March 19, 2024

TRINA L. THOMPSON
United States District Judge